IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**REGIONS BANK,**

    **Plaintiff,**

vs.                                        CASE NO. 4:10 cv 109 RH/WCS

**THE VILLAGE CONDOMINIUMS, LLC,**
a Florida Limited Liability Company;
**PETER S. ROSEN; MICHAEL A. PAGOZALSKI;**
**THE VILLAGE CONDOMINIUMS ASSOCIATION, INC.**

    **Defendants.**

## PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT IN FORECLOSURE AND FOR PARTIAL FINAL JUDGMENT REGARDING LIABILITY UNDER COUNT I

Plaintiff, REGIONS BANK ("Regions") by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 56 and this Court's Initial Scheduling Order, hereby files this motion for summary judgment in foreclosure and for partial final judgment regarding liability under Count I, a promissory note action for damages against Defendants, The Village Condominiums, LLC, Peter S. Rosen and Michael A. Pagozalski. In support of its motion, the Plaintiff states:

### Statement of Undisputed Facts

1. Plaintiff, Regions Bank ("Regions") has filed a three count complaint for breach of promissory note, foreclosure of a mortgage and security interest lien on real and personal property located in Leon County, Florida and for an accounting. (Pl. Verified Compl., Doc. 1).

2. On or about March 10, 2006, Village, Rosen, and Pagozalski executed and delivered to Regions, that certain Promissory Note in the principal sum of $1,080,000.00. A true and correct copy of the Promissory Note is attached as **Exhibit 1 to Exhibit A**. By agreement of the parties, the maturity of **Exhibit 1** was extended ninety (90) days, or until October 25, 2007. This agreement was memorialized holographically on the face of **Exhibit 1**. (**Exhibit A:** Hall Affidavit ¶ 2).

3. On or about October 25, 2007, the parties executed that certain Extension to Promissory Note, further extending the term of **Exhibit 1** to January 23, 2008. A true and correct copy of the Extension to Promissory Note is attached as **Exhibit 2 to Exhibit A**. This extension was further documented on or about December 24, 2007, by virtue of Village, Rosen, and Pagozalski executing and delivering to Regions, that certain Renewal Promissory Note in the principal sum of $1,080,000.00. A true and correct copy of the Renewal Promissory Note is attached as **Exhibit 3 to Exhibit A**. (**Exhibit A:** Hall Affidavit ¶ 3 - 4).

4. On or about October 30, 2008, Village, Rosen, and Pagozalski executed and delivered to Regions, that certain Renewal Promissory Note in the principal sum of $1,080,000.00. A true and correct copy of the Renewal Promissory Note is attached as **Exhibit 4 to Exhibit A**. (**Exhibit A:** Hall Affidavit ¶ 5).

5. **Exhibit 4** was intended to amend and replace in all respects, and in its entirety, earlier Promissory Notes and/or Renewal Promissory Notes

evidencing a loan which originated on or about March 10, 2006. (**Exhibit A:** Hall Affidavit ¶ 6).

6. In order to secure the obligation evidenced by **Exhibits 1 - 4**, on or about March 10, 2006, Village executed and delivered to Regions a Mortgage and Security Agreement ("Mortgage") which provided Regions with a mortgage security interest in the subject property as well as certain personal property as described in the Mortgage. The Mortgage was duly and properly recorded in the Public Records of Leon County, Florida in O.R. Book 3471 at page 451. A true and correct copy of the Mortgage is attached as **Exhibit 5 to Exhibit A**. (**Exhibit A:** Hall Affidavit ¶ 7).

7. As further security, on or about March 10, 2006, Village executed and delivered to Regions an Assignment of Rents and Leases ("Assignment") which provided Regions with a security interest in the rents, revenues, royalties, issues, profits, income and other benefits accruing from the subject property. The Assignment was duly and properly recorded in the Public Records of Leon County, Florida in O.R. Book 3471 at page 466. A true and correct copy of the Assignment is attached as **Exhibit 6 to Exhibit A**. (**Exhibit A:** Hall Affidavit ¶ 8).

8. Regions owns and holds **Exhibits 4, 5 and 6** (**Exhibit A:** Hall Affidavit ¶ 9).

9. The maturity date of **Exhibit 4** was extended administratively by agreement of the parties to February 13, 2009. (**Exhibit A:** Hall Affidavit ¶ 10); (**Exhibit B:** Defendants' Answers to Interrogatories Response No. 5); (Def. Third Affirmative Defense, Doc. 14)

10. Village, Rosen, and Pagozalski defaulted under the terms of **Exhibits 4** and **5** by failing to satisfy **Exhibit 4** at maturity. At maturity the applicable interest rate on the promissory note was 3.75%; resulting in a monthly interest payment of $2,923.38. (**Exhibit A:** Hall Affidavit ¶ 11).

11. On January 27, 2010, Regions notified Village, Rosen and Pagozalski of their default and demanded payment of all leases, rents and profits accruing in connection with the use and occupancy of the subject property. A true and correct copy of said demand letter is attached as **Exhibit 7 to Exhibit A**. Village, Rosen and Pagozalski have failed to comply with said demand. (**Exhibit A:** Hall Affidavit ¶ 12).

12. There is no writing between the parties evidencing an extension of the maturity date of **Exhibit 4** to February 13, 2009 because the loan was administratively renewed by agreement of the parties. (**Exhibit A:** Hall Affidavit ¶ 10).

13. Regions applied post-maturity payments to the loan balance without waiver of it rights to pursue enforcement action. (**Exhibit A:** Hall Affidavit ¶ 13).

14. None of the three Defendants – Village, Rosen or Pagozalski – have tendered the balance of the loan. (**Exhibit A:** Hall Affidavit ¶ 15).

15. On or about November 5, 2009, Regions paid $40,796.17 to the Leon County Tax Collector for delinquent taxes on the subject property for the years 2006 and 2007. The amount of this protective advance was added to the

principal balance of the loan in accordance with the loan documents. (**Exhibit A:** Hall Affidavit ¶ 14).

16.  Accordingly, Regions is owed $964,515.12 in principal, $48,601.63 in interest, and $1,039.22 for late fees for a total amount of $1,014,155.97. The principal balance is accruing interest at a per diem rate of $100.47033. (**Exhibit A:** Hall Affidavit ¶ 16).

17.  Defendants, Village Condominiums, LLC ("Village"), Peter S. Rosen ("Rosen") and Michael A. Pagozalski ("Pagozalski") have answered the complaint contending that Regions entered into an agreement to extend the maturity date of the subject loan, accepted post-maturity payments on the subject loan and as a result should be denied the relief requested by Plaintiff. (Def. Answer and Affirmative Defenses, Doc. 14)

## ARGUMENT

### A. Applicable General Law

#### 1. Florida substantive law and rules of interpretation apply

Federal courts apply state law for substantive issues where their jurisdiction rests on diversity of citizenship. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78-79 (1938). "In diversity cases arising under Florida law, a federal court is bound by the law articulated by the Florida Supreme Court." Allstate Ins. Co. v. Travers, 703 F. Supp. 911, 914 (N.D. Fla. 1988); Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 362 F.3d 1317, 1318 (11th Cir. 2004).

Safeguarding the validity of contracts, and assuring the right of enforcement thereof, is an obligation of the courts which has constitutional dimensions. David

v. Sun Fed. Sav. & Loan Ass'n, 461 So. 2d 93 (Fla. 1984); In re Sundale, Ltd., No. 07-21016-BKC-LMI (S.D. Fla. June 3, 2009) (declining to alter contractual right based upon equitable considerations, even in an equitable action such as a mortgage foreclosure). The basic purpose of a foreclosure of a lien is to subject the security to payment of the obligation. See Bobby Jones Garden Apartments, Inc. v. Connecticut Mutual Life Ins. Co., 202 So. 2d 226, 227 (Fla. 2d DCA 1967).

2. Summary judgment standard

Pursuant to Federal Rule of Civil Procedure 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (U.S. 1986). Moreover, the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.

B. Defendants' Affirmative Defenses

1.   Waiver

An express non-waiver provision precludes the affirmative defense of waiver. The Mortgage executed by the Defendants states:

> "30.   Non – Waiver Clause. Any failure by Mortgagee to insist upon strict performance by Mortgagor of any of the terms and provision hereof shall

not be deemed to be a waiver of any of the terms and provisions hereof, and Mortgagee, notwithstanding any such failure, shall have the right thereafter to insist upon strict performance by Mortgagor of any and all of the terms and provisions of this Mortgage to be performed by Mortgagor. Neither Mortgagor nor any other person now or hereafter obligated for the payment of the whole or any part of the sums now or hereafter secured by this Mortgage shall be relieved of such obligation be [sic] reason of the failure of Mortgagee to comply with any request of Mortgagor or of any other person so obligated to take action to foreclose this Mortgage or otherwise enforce any of the provisions of this Mortgage or of any obligation secured by this Mortgage, or by reason of any agreement or stipulation between any subsequent owner or owners of the Mortgaged Premises and Mortgagee extending the time of payment or modifying the terms of the Note or Mortgage without first having obtained the consent of Mortgagor or such other person. Mortgagor shall continue to be liable to make payments according to the terms of any such agreement of extension or modification unless expressly released and discharged in writing by Mortgagee. Mortgagee may release, regardless of consideration, any party of the security held for the indebtedness secured by this Mortgage, without, as to the remainder of the security, in anywise impairing or affecting the lien of this Mortgage or the priority of such lien over any subordinate lien; and Mortgagee may resort for the payment of the indebtedness to security therefore held by Mortgagee in such order and manner as Mortgagee may elect."

This language specifically provides that the Mortgagee's (Regions') delay in enforcement shall not be deemed waiver of its right to enforce the loan; furthermore, any modification or extension of the debt does not relieve the Mortgagor from its performance under the loan. The leading case on non-waiver provisions, LRB Holding Corp. v. Bank of America, N.A., 944 So. 2d 1113 (Fla. 2d DCA 2007), held that although the Bank previously accepted [debtor's] late payments, the note specifically provided that the lender may delay or forgo enforcing its rights or remedies under the note without losing them, and that the Bank could enter a default without providing the borrower notice. It was [debtor's] repeated failure to make timely payments that led to the Bank's decision to accelerate the note. Id. at 1114. Likewise, Defendants, specifically

executed a contract containing unambiguous language stating that Regions' actions would not be deemed a waiver of its right to enforcement under the loan documents and furthermore any modification or extension of the underlying debt would not relieve the Mortgagor, Villages, of its performance under the loan documents.

Additionally, any alleged conduct or course of dealings with Regions that may have indicated waiver of Regions' right to enforce the loan documents did not rise to the level of waiver articulated under Florida law. See Destin Savings Bank v. Summerhouse of FWB, Inc., 579 So. 2d 232 (Fla. 1st DCA 1991) (trial court decision finding that bank's "conduct and course of dealing with Plaintiff waived its right to acceleration" overturned because that statement is not the equivalent of a finding that bank "intentionally and voluntarily relinquished its right" to accelerate the balance on the loan in the event that mortgagor transferred the property without first obtaining bank's consent). The elements of waiver are (1) the existence at the time of the waiver of a right, privilege, advantage or benefit that may be waived, (2) the actual or constructive knowledge thereof, and (3) an intention to relinquish that right, privilege, advantage or benefit. Id. at 235.

Even if the Court finds the non-waiver provision is not a bar to the defense asserted by Defendants, Regions' conduct did not rise to the level of an intentional and voluntary relinquishment of its right to enforce the loan documents. Even if Regions accepted post-maturity payments and applied them to the loan balance, this was not a knowing, intentional relinquishment of its right

to enforce the loan. The obligation is matured and without full tender of the loan balance, the Defendants could not be relieved of enforcement of the obligation. See Alonso v. Ocean Bank, 2010 WL 3488803 (Fla 4th DCA 2010) (lender not estopped from foreclosing on promissory note after borrower failed to pay remaining principal balance at maturity despite guarantors' contention that lender acted contrary to its custom and practice of notifying guarantors when payments were due where there was no evidence that such custom existed).

    2.    Misapplication of Payments

The Defendants' second defense of misapplication of payments fails as a matter of law. It's an undisputed fact that the loan obligation matured and the Defendants defaulted by failing to pay the obligation at maturity. Therefore, Defendants cannot assert a payment defense unless they can show they tendered the entire loan balance at the time of maturity. It is an undisputed fact that Defendants never tendered the loan balance to Regions despite Regions' notice to Defendants of its default. (**Exhibit A:** Hall Affidavit ¶¶ 12, 15).

For loans that have fully matured, tender must be made of the entire obligation. Carteret Savings Bank, F.A. v. Weiner, 601 So. 2d 1310, 1312 (Fla. 4th DCA 1992). Regions accepted post-maturity payments, however, tender by Defendants was never made in full satisfaction of the matured debt; therefore, this defense fails as a matter of law. Any post-maturity payments accepted by Regions were applied pursuant to the terms of the loan documents. (**Exhibit A:** Hall Affidavit ¶ 13). Regions alleges its possession of the uncancelled Promissory Note and possession of an uncancelled note raises a rebuttable

presumption of nonpayment and the burden of proving payment is upon the party asserting payment. Speier v. Lane, 254 So. 2d 823 (Fla. 3d 1971). Defendants have failed to provide any evidence that this loan was fully satisfied at maturity, therefore, Defendants' defense of payment fails.

3.   Failure to State a Cause of Action

It's an undisputed fact the loan matured. (**Exhibit A:** Hall Affidavit ¶ 11; see also **Exhibit B:** Def. Answers to Interrogatories Response No. 5). The loan maturity date was extended administratively by agreement of the parties to February 13, 2009; therefore, there is not a modification to attach to Plaintiff's complaint. (**Exhibit A:** Hall Affidavit ¶ 11). The administrative extension of the note was not required to be in writing. See Fla. Stat. § 725.01 (2010); see also Schroeder v. Manceri, 893 So. 2d 603, 606 (Fla. 4th DCA 2005) (an oral extension of a contract like an oral contract is valid).

Regions has alleged the execution and date of delivery of the note and mortgage, that it owns and holds the note and mortgage, a description of the default, the legal description of the property being foreclosed, and the identity of the party holding title and possession of the property. (Plaintiff's Verified Complaint). Therefore, Plaintiff is entitled to the relief requested in its Verified Complaint including costs and reasonable attorneys' incident to collection of the indebtedness. Mortgage Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007)(the proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage).

CONCLUSION

Wherefore, Plaintiff, Regions Bank, prays for entry of Summary Final Judgment in Foreclosure Under Count II of the Verified Complaint foreclosing its mortgage and security interest liens, and for Partial Final Judgment of liability under the promissory note action as set forth in Count I of Plaintiff's Verified Complaint against Defendants, The Village Condominiums, LLC, Peter S. Rosen and Michael A. Pagozalski, and if the proceeds from the foreclosure sale of the subject property are insufficient to satisfy the amount owed to Plaintiff, a deficiency judgment against Defendants, The Village Condominiums, LLC, Peter S. Rosen and Michael A. Pagozalski, including interest, attorney's fees, the costs of this action and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of October, 2010.

/s/ Megan F. Fry
**SCOTT A. REMINGTON**
Fla. Bar. No. 122483
**MEGAN F. FRY**
Fla. Bar No. 0058608
CLARK, PARTINGTON, HART, LARRY,
 BOND & STACKHOUSE
P. O. Box 13010
Pensacola, FL  32591-3010
Tel:   850-434-9200
Fax:  850-432-7340
mfry@cphlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished electronically via the electronic filing system of the United States District Court, Northern District of Florida, Tallahassee Division, to:

Gregory A. May, Esq.
Mowrey Law Firm, P.A.
515 North Adams Street
Tallahassee, Florida 32301
gmay@mowreylaw.com

on the date appearing on the Clerk's CM/ECF electronic docket.

/s/ Megan F. Fry
**SCOTT A. REMINGTON**
Fla. Bar. No. 122483
**MEGAN F. FRY**
Fla. Bar No. 0058608
CLARK, PARTINGTON, HART, LARRY, BOND & STACKHOUSE
P. O. Box 13010
Pensacola, FL   32591-3010
Tel:   850-434-9200
Fax:   850-432-7340
mfry@cphlaw.com